FILED
CLERK, U.S. DISTRICT COURT
03/30/2021
CENTRAL DISTRICT OF CALIFORNIA
BY: DM DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

October 2020 Grand Jury

UNITED STATES OF AMERICA,

Plaintiff,

v.

JOHN A. SANTILLI JR.,

Defendant.

CR 2:21-cr-00155-FMO

I N D I C T M E N T

[15 U.S.C. §§ 78j(b), 78ff and 17 C.F.R. § 240.10b-5: Securities Fraud; 18 U.S.C. § 1343: Wire Fraud; 18 U.S.C. § 1028A(a)(1): Aggravated Identity Theft; 18 U.S.C. §§ 981(a)(1)(C), 982, 1028 and 28 U.S.C. § 2461(c): Criminal Forfeiture]

The Grand Jury charges:

COUNT ONE

[15 U.S.C. §§ 78j(b), 78ff; 17 C.F.R. § 240.10b-5]

A. INTRODUCTORY ALLEGATIONS

At times relevant to this Indictment:

1. Magic Mike was a 2012 film that blended comedic and dramatic elements to explore the experiences of life as a male stripper. The film was a box-office success, grossing approximately $168 million worldwide on a budget of approximately $7 million. Its sequel, Magic Mike XXL, was released in 2015, and drew global box-

office revenues of approximately $117.8 million on a budget of approximately $14.8 million.

2. Mike's Mobile Detailing, LLC ("Mike's Mobile Detailing"), was a Delaware limited liability company that operated "Magic Mike Live," a live revue stage show at the Hard Rock Hotel and Casino in Las Vegas, Nevada, based on Magic Mike and Magic Mike XXL. As a limited liability company, Mike's Mobile Detailing issued 8.5 million units denominating an interest in Mike's Mobile Detailing to its Class A members ("Class A Units"). The Class A Units constituted "securities" within the meaning of the Securities Exchange Act of 1934.

3. Aloris Entertainment, LLC ("Aloris 1"), was a Rhode Island limited liability company managed and partly owned by defendant JOHN A. SANTILLI JR., a Rhode Island resident. Aloris 1 became a member of Mike's Mobile Detailing by entering into an August 2, 2016, Limited Liability Company Agreement (the "August 2016 LLC Agreement"), which defendant SANTILLI signed as Aloris 1's owner. As a member, Aloris 1 acquired 1,875,000 Class A Units of Mike's Mobile Detailing. The August 2016 LLC Agreement provided, among other things, that "no Member may directly or indirectly Transfer all or any part of such Member's Units or . . . the membership interests in [Aloris 1] (including any right to receive distributions or allocations in respect of such Interests) . . . without the prior written consent of the majority of the disinterested Managers on the Board [of Mike's Mobile Detailing]."

4. Aloris Magic Mike LP ("Aloris 2") was a Delaware limited partnership. Under the terms of Aloris 2's August 2, 2016, limited partnership agreement (the "Aloris 2 LP Agreement"), Aloris 1 was the

sole initial limited partner with a stated capital contribution of $2 million. The Aloris 2 LP Agreement also provided that Aloris Magic Mike GP, LLC ("Aloris 3"), a Delaware limited liability company managed by defendant SANTILLI, was Aloris 2's sole general partner. Defendant SANTILLI signed the Aloris 2 LP Agreement on behalf of both Aloris 1 and Aloris 3.

5. Defendant SANTILLI exercised sole control over a Citibank account in the name of Aloris 1 (the "Aloris 1 Account").

B. THE SCHEME TO DEFRAUD

6. Beginning on a date unknown, but no later than in or about June 2016, and continuing through at least in or about February 2020, in Los Angeles County, within the Central District of California, and elsewhere, defendant SANTILLI, knowingly and willfully, directly and indirectly, by the use of the means and instrumentalities of interstate commerce and the mails, in connection with the purchase and sale of Mike's Mobile Detailing securities, Aloris 1 securities, and Aloris 2 securities, used and employed manipulative and deceptive devices and contrivances, by: (1) employing a scheme to defraud; (2) making untrue statements of material facts and omitting to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; and (3) engaging in acts, practices, and courses of business which operated and would operate as a fraud and deceit upon purchasers and prospective purchasers of Mike's Mobile Detailing securities, Aloris 1 securities, and Aloris 2 securities (the "victims"), by causing materially false and fraudulent statements and material omissions to be made to the victims about defendant

SANTILLI's ability and authority to sell the securities to the victims.

7. The scheme to defraud operated, in substance, as follows:

a. Defendant SANTILLI offered victims investment contracts that were "securities" under the Securities Exchange Act of 1934. These investment contracts purported to sell victims an ownership interest in either Aloris 1 or Aloris 2, with defendant SANTILLI representing that these ownership interests corresponded to a specific number of Mike's Mobile Detailing Class A Units held by Aloris 1 or Aloris 2. The investment contracts also provided the victims the right to a percentage of the distributions that would be paid to the holders of the Class A Units.

b. Defendant SANTILLI falsely represented to victims that Aloris 2 owned Class A Units even though defendant SANTILLI knew Aloris 2 had no such ownership interest.

c. To persuade victims that Aloris 2 owned Class A Units, defendant SANTILLI provided victims versions of the August 2016 LLC Agreement that he modified to make them falsely describe Aloris 2 as a member of Mike's Mobile Detailing when, as defendant SANTILLI then knew, Aloris 2 was not a member in Mike's Mobile Detailing.

d. Although defendant SANTILLI's company Aloris 1 owned Class A Units pursuant to the August 2016 LLC Agreement, defendant SANTILLI was aware that Aloris 1 was prohibited from selling the Class A Units, a membership interest in Aloris 1, or the right to receive distributions based on such membership interest without the written consent of the majority of the Board of Mike's Mobile Detailing, which consent, as defendant SANTILLI then knew, had not been provided.

e. According to defendant SANTILLI's representations, when taken collectively, the ownership interests he sold to victims corresponded to more than 3,500,000 Class A Units. In truth, as defendant SANTILLI then knew, the ownership interests could not have corresponded to more than 1,875,000 Class A Units because he only controlled 1,875,000 Class A Units through Aloris 1.

f. Because defendant SANTILLI spent a significant portion of victims' investments on personal expenses before making full payment for the 1,875,000 Class A Units, defendant SANTILLI solicited additional investments from victims under the false pretense that additional Class A Units and ownership interests in Aloris 2 had become available for purchase.

g. Defendant SANTILLI directed the victims to use interstate wire transfers to pay for their purported purchase of ownership interests in Aloris 1 and Aloris 2.

h. Defendant SANTILLI prevented the victims from recovering the funds they sent him by using the victims' funds for purposes unrelated to investments in Mike's Mobile Detailing, including the withdrawal of more than $1 million in victim funds at various casinos across the United States.

i. Defendant SANTILLI falsely represented that he would repay victims by providing cashiers' checks only to cause the financial institutions that issued those cashiers' checks to cancel the payments after defendant SANTILLI claimed those cashiers' checks had been lost and not received by the payee.

8. As a result of the scheme to defraud, defendant SANTILLI caused over $4,200,000 in losses to his victims.

COUNTS TWO THROUGH NINE

[18 U.S.C. § 1343]

9. The Grand Jury realleges paragraphs 1 through 5, 7, and 8 of this Indictment here.

A. THE SCHEME TO DEFRAUD

10. Beginning on a date unknown, but no later than in or about June 2016, and continuing through at least in or about February 2020, in Los Angeles County, within the Central District of California, and elsewhere, defendant SANTILLI, knowingly and with the intent to defraud, devised, participated in, and executed a scheme to defraud victims as to material matters, and to obtain money and property by means of material false and fraudulent pretenses, representations, promises, and the concealment of material facts.

11. The scheme to defraud operated, in substance, as described in paragraph 7 of this Indictment.

B. EXECUTIONS OF THE SCHEME TO DEFRAUD

12. On or about the dates set forth below, within the Central District of California, and elsewhere, for the purpose of executing and attempting to execute the above-described scheme to defraud, defendant SANTILLI transmitted and caused the transmission of the following items by means of wire communication in interstate commerce:

| **COUNT** | **DATE** | **INTERSTATE WIRING** |
|---|---|---|
| TWO | 9/2/2016 | Transfer of approximately $1,100,000 from a bank account controlled by Victim 1 in the Central District of California, by means of interstate wires, to the Aloris 1 Account. |

| COUNT | DATE | INTERSTATE WIRING |
|---|---|---|
| THREE | 9/17/2016 | Email from defendant SANTILLI, sent by means of interstate wires, to the email account of Victim 1 and attaching a fraudulent version of the August 2016 LLC Agreement that had been modified to list Aloris 2 on the signature block in place of Aloris 1. |
| FOUR | 11/18/2016 | Transfer of approximately $275,000 from a bank account controlled by Victim 1 in the Central District of California, by means of interstate wires, to the Aloris 1 Account. |
| FIVE | 12/15/2016 | Transfer of approximately $100,000 from a bank account controlled by Victim 1 in the Central District of California, by means of interstate wires, to the Aloris 1 Account. |
| SIX | 4/10/2017 | Transfer of approximately $90,000 from a bank account controlled by Victim 2 in the Central District of California, by means of interstate wires, to the Aloris 1 Account. |
| SEVEN | 4/11/2017 | Transfer of approximately $45,000 from a bank account controlled by Victim 2 in the Central District of California, by means of interstate wires, to the Aloris 1 Account. |
| EIGHT | 4/13/2017 | Transfer of approximately $50,000 from a bank account controlled by Victim 2 held in the Central District of California, by means of interstate wires, to the Aloris 1 Account. |
| NINE | 4/17/2017 | Transfer of approximately $34,000 from a bank account controlled by Victim 2 held in the Central District of California, by means of interstate wires, to the Aloris 1 Account. |

COUNT TEN

[18 U.S.C. § 1028A(a)(1)]

13. On or about September 17, 2016, in Los Angeles County, within the Central District of California, and elsewhere, defendant JOHN A. SANTILLI JR. knowingly possessed, transferred, and used, without lawful authority, means of identification that defendant SANTILLI knew belonged to another person, that is, the names and signatures of victims I.H. and J.M., during and in relation to the offense of Wire Fraud, a felony violation of Title 18, United States Code, Section 1343, as charged in Count Three of this Indictment.

FORFEITURE ALLEGATION ONE

[18 U.S.C. § 981(a)(1)(C); 28 U.S.C. § 2461(c)]

14. Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), in the event of defendant JOHN A. SANTILLI JR.'s conviction of the offenses set forth in any of Counts One through Nine of this Indictment.

15. Defendant SANTILLI, if so convicted, shall forfeit to the United States of America the following:

a. All right, title, and interest in any and all property, real or personal, constituting, or derived from, any proceeds traceable to the offense; and

b. To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

16. Pursuant to Title 18, United States Code, Section 981(a)(1)(c), as incorporated by Title 28, United States Code, Section 2461(c), if so convicted, defendant SANTILLI shall forfeit substitute property, up to the total value of the property described in the preceding paragraph if, as the result of any act or omission of defendant SANTILLI, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to or deposited with a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in

value; or (e) has been commingled with other property that cannot be divided without difficulty.

FORFEITURE ALLEGATION TWO

[18 U.S.C. §§ 982, 1028; 28 U.S.C. § 2461(c)]

18. Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Sections 982 and 1028 and Title 28, United States Code, Section 2461(c) in the event of defendant JOHN A. SANTILLI JR.'s conviction of the offense set forth Count Ten of this Indictment.

19. Defendant SANTILLI, if so convicted, shall forfeit to the United States of America the following:

All right, title and interest in any and all property, real or personal, constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the offense;

Any personal property used or intended to be used to commit the offense; and

To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraphs (a) and (b).

20. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Sections 982(b) and 1028(g), defendant SANTILLI, if so convicted, shall forfeit substitute property, up to the total value of the property described in the preceding paragraph if, as the result of any act or omission of defendant SANTILLI, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to or deposited with a third party; (c) has been placed beyond the

jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

A TRUE BILL

/S/

Foreperson

TRACY L. WILKISON
Acting United States Attorney

BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division

RANEE A. KATZENSTEIN
Assistant United States Attorney
Chief, Major Frauds Section

POONAM G. KUMAR
Assistant United States Attorney
Deputy Chief, Major Frauds Section

ALEXANDER B. SCHWAB
Assistant United States Attorney
Major Frauds Section